UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2015
```

------------------------------------------------------------ X
                                                             :
J.F. and L.V., individually and on behalf of N.F.,          :
                                                             :
                                    Plaintiffs,              :
                                                             :
                       -v-                                   :        14-cv-3724 (KBF)
                                                             :
NEW YORK CITY DEPARTMENT OF                                  :        OPINION & ORDER
EDUCATION,                                                   :
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

      Plaintiffs-appellants J.F. and L.V. filed this action, individually and on behalf of their minor child N.F., seeking tuition reimbursement for the 2010-2011 school year pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-82.  In an earlier action before this Court, J.F. and L.V. sought review of a November 25, 2011 administrative decision of a New York State Review Officer ("SRO"), which reversed a September 15, 2011 decision by an Impartial Hearing Officer ("IHO") awarding N.F. tuition reimbursement.  On November 27, 2012, the Court granted partial summary judgment for defendant, and remanded to the IHO to determine whether N.F.'s proposed placement classroom violated the IDEA and entitled J.F. and L.V. to tuition reimbursement.  After the IHO determined that N.F.'s assignment was inappropriate and J.F. and L.V. were entitled to tuition reimbursement, defendant the New York City Department of Education ("DOE") appealed to the SRO, which again overturned the IHO's

decision.  J.F. and L.V. then brought the instant suit seeking reversal of the SRO's decision.

Now pending before the Court are the parties' cross-motions for summary judgment.  Because the SRO's decision is well-reasoned, analytically thorough, and adequately responsive to the Court's stated reason for remand, the Court GRANTS the DOE's motion for summary judgment, and DENIES J.F. and L.V.'s motion for summary judgment.

I.    BACKGROUND

The Court assumes familiarity with the factual and procedural background of this action and its prior related action, as well as the applicable statutory and administrative framework, as set forth in the Court's Memorandum Decision & Order dated November 27, 2012.  (12-cv-2184 ECF No. 24 ("SJ Op.").)  Here the Court recites only that which is necessary to understand the pending motions.

N.F., who was born in 2004, is an elementary school student classified with a speech or language impairment.  His parents are J.F. and L.V.  In anticipation of the 2009-2010 school year, a committee on special education ("CSE") approved N.F's placement in a non-public school.  For that school year, N.F.'s parents placed him in the Aaron School, a private school not pre-approved for disability education by the State Education Department.  The DOE reimbursed N.F.'s tuition for that year.

In January 2010, N.F.'s parents re-enrolled him at the Aaron School for the 2010-2011 school year, and made an $8,000 non-refundable deposit.  On June 9, 2010, a committee on special education ("CSE") met to construct an individualized education program ("IEP") for N.F. for the 2010-2011 school year.  The CSE

recommended that N.F. be placed in a special class in a community school with a 12:1+1 student to teacher ratio.  The CSE minutes reflect that J.F. and L.V. expressed concern about this recommendation.

On August 10, 2010, the DOE notified J.F. and L.V. of N.F.'s specific classroom placement offer in a 12:1+1 special class at P.S. 198, a community school. J.F. and L.V. were concerned about this proposed placement; they made repeated efforts to learn about and visit the classroom, but did not visit until the school opened on September 13, 2010.  N.F. continued to attend the Aaron School, and J.F. and L.V. continued to pay his tuition there.

On January 27, 2011, J.F. and L.V. sought tuition reimbursement from the state by filing a due process complaint before an IHO.  The IHO found, <u>inter alia</u>, that the Aaron School was an appropriate placement for N.F. and the equities favored tuition reimbursement for the parents.  On September 27, 2011, the DOE appealed the IHO's decision to an SRO, who upon an extensive review of the record reversed portions of the IHO decision, but did not reach any determination regarding the appropriateness of the assigned school (presumably because of the parents' failure to cross-appeal that issue) and therefore did not address whether J.F. and L.V. were entitled to tuition reimbursement.

On March 23, 2012, J.F. and L.V. brought an action before this Court, individually and on behalf of N.F., pursuant to the Individuals with Disabilities Education Act ("IDEA"), seeking review of the SRO's decision to deny N.F. tuition reimbursement.  (12-cv-2184 ECF No. 1.)  In a Memorandum Decision & Order

dated November 27, 2012, this Court upheld the 2011 SRO decision and granted partial summary judgment for the DOE on all issues regarding the sufficiency of N.F.'s 2010-2011 IEP.  (SJ Op. at 20-21.)  However, the Court declined to grant summary judgment regarding the adequacy of N.F.'s school placement, because neither the IHO nor the SRO had previously addressed this issue.  (SJ Op. at 20.)  The Court remanded the case to the IHO to make an initial finding whether N.F.'s proposed placement classroom violated the IDEA and entitled plaintiffs to tuition reimbursement.[1]  (SJ Op. at 20-21.)

On remand, the IHO determined that based on the record of the initial hearing, N.F.'s assignment to a 12:1+1 classroom in P.S. 198 was not suitable, and therefore N.F. was denied a FAPE during the 2010-2011 school year, entitling N.F.'s parents to a tuition reimbursement of $45,675.  (Hearing Officer's Findings of Fact and Decision in Case No. 131959 dated October 24, 2013, ECF No. 21 vol. 1).  The DOE appealed the IHO's decision to the SRO, which determined that the offered placement at P.S. 198 was appropriate and that there was no evidence indicating that P.S. 198 would have been incapable of implementing N.F.'s 2010-2011 IEP.  (Decision No. 13-220 of the State Review Officer dated Jan. 24, 2014, ECF No. 21 vol. 1 ("SRO Op.").)

The SRO began by summarizing each of the arguments advanced by both parties in their submissions, and by reciting in detail the applicable legal standards, which took into account recent Second Circuit and New York federal district court

---

[1] The DOE moved for partial reconsideration of this summary judgment decision, arguing that remand to the IHO would be futile or inappropriate.  (12-cv-2184 ECF No. 26.)  The Court denied the motion on April 24, 2013.  (12-cv-2184 ECF No. 30.)

case law.  (<u>See</u> SRO Op. at 5-10.)  The SRO then explained how under Second

Circuit case law, "if it becomes clear that the student will not be educated under the

proposed IEP, there can be no denial of a [free appropriate public education

("FAPE")] due to the failure to implement the IEP."  (SRO Op. at 9 (citing <u>R.E. v.</u>

<u>N.Y.C. Dep't of Educ.</u>, 694 F.3d 167, 186-88 (2d Cir. 2012).)  Thus, under Second

Circuit law, "where a parent enrolls the child in a private placement before the time

that the district would have been obligated to implement the IEP placement, the

validity of proposed placement is to be judged on the face of the IEP, rather than

from evidence introduced later concerning how the IEP might have been, or

allegedly would have been, implemented."  (SRO Op. at 9-10 (quoting <u>A.M. v. N.Y.C.</u>

<u>Dep't of Educ.</u>, 2013 WL 4056216, at *13 (S.D.N.Y. Aug. 9, 2013).)  In N.F.'s case,

his parents had argued that the district would have failed to implement the June

2010 IEP at the public school site, and accordingly they were attacking the

implementation of the IEP in a speculative, retrospective manner, rather than

attacking the face of the IEP.  (<u>See</u> SRO Op. at 9-10.)  N.F.'s parents thus could not

prevail on their claims.  (SRO Op. at 10.)

Finally, the SRO assessed the appropriateness of P.S. 198, assuming

<u>arguendo</u> that N.F. had attended it, and determined that there was insufficient

evidence in the record to conclude that the district would have deviated from the

student's IEP in a material or substantial way that would have resulted in a failure

to offer the student a FAPE—that is, that the student's management needs would

have been appropriately addressed in the proposed classroom had he attended the

assigned public school site.  (See SRO Op. at 11-15.)  In doing so, the SRO engaged in an extensive review of the record, which incorporated two dozen unique evidentiary citations.  (See SRO Op. at 12-13.)  Ultimately, the SRO concluded that N.F.'s parents were not entitled to tuition reimbursement.  (See SRO Op. at 15.)

N.F.'s parents, J.F. and L.V., filed the complaint in this action on May 23, 2014, seeking review and reversal of the SRO's decision.[2]  (ECF No. 2.)  The DOE filed an answer on July 16, 2014 (ECF No. 7), and filed the administrative record before the SRO under seal on July 17, 2014 (ECF No. 21).  Plaintiffs filed a motion for summary judgment on August 27, 2014.  (ECF No. 13.)  The DOE filed its opposition and cross-moved for summary judgment on August 17, 2014.  (ECF No. 18.)  Plaintiffs opposed the DOE's cross-motion on October 31, 2014.  (ECF No. 20.)  The motions became fully briefed with the DOE's filing of the reply brief for its cross-motion on November 14, 2014.  (ECF No. 22.)

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment may not be granted unless the movant shows, based on admissible evidence in the record placed before the court, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S.

---

[2] Specifically, J.F. and L.V. seek: (1) reversal of the SRO's decision; (2) a holding that the DOE failed to provide N.F. with a FAPE for the 2010-2011 school year; (3) affirmance of the IHO's decision that the Aaron School was an appropriate placement; and (4) an order that the DOE reimburse them for tuition for the Aaron School for the 2010-2011 school year, plus fees and costs.  (See ECF No. 2 at 16-17.)

317, 323 (1986).  When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial.  Id. at 322-23.  In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor."  Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue of material fact for trial.  Price v. Cushman & Wakefield, Inc., 808 F. Supp. 2d 670, 685 (S.D.N.Y. 2011); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citations omitted); see also Price, 808 F. Supp. 2d at 685 ("In seeking to show that there is a genuine issue of material fact for trial, the non-moving party cannot rely on mere allegations, denials, conjectures or conclusory statements, but must present affirmative and specific evidence showing that there is a genuine issue for trial.").

Only disputes relating to material facts—"facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary

judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also</u>

<u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)

(the non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material facts").

  B.  <u>Deference to the New York State Review Officer</u>

  Because the judiciary lacks expertise in educational policy, courts should not

"substitute their own notions of sound educational policy for those of the school

authorities which they review."  <u>Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist.,</u>

<u>Westchester Cnty. v. Rowley</u>, 458 U.S. 176, 206 (1982); <u>see also</u> <u>Grim v. Rhinebeck</u>

<u>Cent. Sch. Dist.</u>, 346 F.3d 377, 383 (2d Cir. 2003) (courts may not "make subjective

credibility assessment[s]" or "ch[o]ose between the views of conflicting experts on a

controversial issue of educational policy . . . in direct contradiction of the opinions of

state administrative officers who ha[ve] heard the same evidence").  For this reason,

"a court must defer to the SRO's decision on matters requiring educational expertise

unless it concludes the decision was inadequately reasoned, in which case a better-

reasoned IHO opinion may be considered instead." <u>R.E.</u>, 694 F.3d at 189; <u>see also</u>

<u>M.H. v. N.Y.C. Dep't of Educ.</u>, 685 F.3d 217, 246 (2d Cir. 2012) ("[C]ourts must defer

to the reasoned conclusions of the SRO as the final state administrative

determination.").

  Deference to the SRO's decision "is particularly appropriate when . . . the

state hearing officer's review has been 'thorough and careful.'" <u>R.E.</u>, 694 F.3d at

184 (quoting <u>Walczak v. Fla. Union Free Sch. Dist.</u>, 142 F.3d 119, 129 (2d Cir.

1998)); <u>see also</u> <u>M.H.</u>, 685 F.3d 217, 244 (2d Cir. 2012) ("Determinations grounded

in thorough and logical reasoning should be provided more deference than decisions that are not."). An SRO decision deserves deference "even where the reviewing authority disagrees with the hearing officer." M.H., 685 F.3d at 240 (quoting A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist., 553 F.3d 165, 171 (2d Cir. 2009)); see also M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ., 725 F.3d 131, 139 (2d Cir. 2013) ("Where an SRO has clearly demonstrated a better command of the record and supported her conclusions through better legal and factual analysis than an IHO, we will have little difficulty deferring to the SRO's opinion."); R.E., 694 F.3d at 189 ("When an IHO and SRO reach conflicting conclusions, '[w]e defer to the final decision of the state authorities,' that is, the SRO's decision." (alteration in original) (quoting A.C., 553 F.3d at 171)). Where an SRO has concluded that an IEP was proper, the burden of demonstrating that the SRO erred falls on the plaintiff. Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ., 760 F.3d 211, 219 (2d Cir. 2014).

III.  DISCUSSION

Plaintiffs have not met their burden of demonstrating that the SRO erred, and there is accordingly no triable issue. The SRO's decision deserves deference because it was adequately reasoned and responsive to the Court's remand, and was particularly thorough and careful, as evidenced by its summarization of the parties' arguments and its extensive citations to both the record and relevant recent Second Circuit and New York district court case law. The SRO correctly found that as a threshold matter, J.F. and L.V. could not prevail on their claims because they were attacking the implementation of the IEP in a retrospective manner based on speculative arguments. The SRO's determination that P.S. 198 was an appropriate

placement for N.F., and that N.F. was not denied a FAPE, was based on a well-reasoned assessment of appropriate grouping for both functional and social purposes and the academic management needs, supports, and services required by N.F.'s 2010-2011 IEP.

Plaintiffs' arguments for reversing the SRO decision are unavailing. First, although plaintiffs challenge the evidentiary basis for the SRO decision, they do not point to any specific items of evidence that were overlooked by the SRO and that would have had a material effect on the SRO's decision, nor do they adequately explain how any testimony was misconstrued by the SRO. Along these lines, while plaintiffs argue that the SRO impermissibly relied on ex post facto testimony from DO witnesses, they do not specifically identify this testimony, nor why the SRO was legally unjustified in considering it, nor how it would have materially impacted the SRO's decision.

Second, the Court rejects plaintiffs' contention that the Court should defer to the IHO's finding that the equities favor reimbursing N.F.'s parents for tuition reimbursement. Although a court may take into account equitable considerations when providing for relief under the IDEA, equitable considerations do not provide an independent basis for relief. See M.C., 226 F.3d at 68-69. Having concluded that J.F. and L.V. were not entitled to tuition reimbursement, the SRO correctly declined to discuss whether the equities favored reimbursement.

Lastly, plaintiffs argue that the SRO failed to take into account that the New York state educational regulations require the chronological age range within

special classes of students with disabilities not exceed 36 months.  This argument fails because this issue was explicitly addressed in the SRO decision, and the SRO correctly explained how an age range of greater than 36 months does not, under the circumstances of this case, constitute the denial of FAPE, citing several analogous cases from this District as support.  (See SRO Op. at 13-14.)

Accordingly, there is no triable issue, and the Court grants summary judgment for the DOE as to all issues.

IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the DOE's motion for summary judgment, and DENIES J.F. and L.V.'s motion for summary judgment.

The Clerk of Court is directed to close the motions at ECF Nos. 13 and 18, and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            March 3, 2015

_____
KATHERINE B. FORREST
United States District Judge